IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILLARD PATRICK II,

                Plaintiff,                               OPINION AND ORDER

     v.                                                   13-cv-231-wmc

STATE OF WISCONSIN,

                Defendant.

---

Plaintiff Millard Patrick II is presently in custody of the Wisconsin Department of Corrections at the Green Bay Correctional Institution. He seeks leave to proceed with a civil action under 42 U.S.C. § 1983 and he has been found eligible for indigent status. Because Patrick is incarcerated, the court is required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the court concludes that this case must be dismissed for the reasons set forth briefly below.

BACKGROUND

On April 3, 2013, Patrick submitted a proposed complaint on a standard form approved for use by prisoners seeking relief under the Civil Rights Act, 42 U.S.C. § 1983. Where prompted to provide a statement of his claim, Patrick simply alleged "[s]exual, physical, mental, civil right abuse by staff and other state officials." (Dkt. # 1, at 5). Other

than naming the State of Wisconsin as the sole defendant, he identified no particular individual who was responsible for the alleged abuse and offered no details about any specific incident. He did, however, reference the Prison Rape Elimination Act of 2003, 42 U.S.C. §§ 15601-15609.

Soon after his complaint was received, Patrick submitted a flurry of motions, each one consisting of a single sentence asking the court to compel random individuals and records for a hearing on his allegations. He also submitted four large envelopes filled with garbled correspondence, records and documents torn asunder. From this collage of troubling materials emerged details about Patrick's diagnosis of chronic schizophrenia and related disorders, including hallucinations (visual and command auditory), suicidal ideations and paranoid psychosis for which he has received extensive treatment, including numerous hospitalizations, since the age of 14. What does not emerge is a coherent cause of action.

Construed generously, Patrick's complaint hints at a possible violation of the Eighth Amendment to the United States Constitution, *see, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Even when considered alongside the assortment of records and other documentation, however, his vague allegations remained insufficient to establish a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). In that regard, Fed. R. Civ. P. 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Congress has determined that "[i]nmates with mental illness are at increased risk of sexual victimization," 42 U.S.C. § 15601(3), the court attempted to hold a hearing to determine whether Patrick could articulate details in support of an Eighth Amendment claim. During that hearing, conducted by videoconference on June 27, 2013, Patrick mentioned a physical assault in which a John Doe officer at the New Lisbon Correctional Institution grabbed Patrick's right arm in a manner that was "extremely tight." Patrick claimed further to have been sexually assaulted by "white shirts," by which he apparently means supervisory officials at the Fox Lake Correctional Institution. Patrick was unable or unwilling, however, to provide any details about the incident or the alleged perpetrators.

When asked whether he wanted to proceed with claims of physical and sexual assault by officers or supervisory officials, Patrick responded adamantly -- and more than once -- that he did not wish to pursue those claims here. After disclosing some information about his medical care and medication regimen, Patrick also declined to press a claim concerning the adequacy of the psychiatric care he has received while incarcerated. Instead, Patrick emphasized that he only wished to pursue the following claims: (1) that funds have been improperly deducted from his inmate trust account to pay for his appointed defense counsel in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); and (2) that his mandatory release date for parole has been extended illegally by his confinement in disciplinary segregation.

Further attempts to inquire into possible allegations of physical and/or sexual abuse or other claims not only proved futile, but ultimately caused Patrick to become agitated and hostile. Accordingly, the court confines its consideration to the claims Patrick himself outlined at the June 27 hearing.

3

OPINION

**I. Violation of the Right to Counsel at No Cost**

Patrick is presently in custody pursuant to a state court conviction for misappropriating identification to obtain money and attempted fraud against a financial institution in Eau Claire County Case No. 2009CF167. Patrick was represented by attorneys with the State Public Defender's Office throughout. Nevertheless, Patrick alleges, there is information on his "credit report" showing charges for the service that his appointed attorneys provided in connection with that case. Noting that he qualified as an indigent defendant, Patrick maintains that he was guaranteed counsel free of charge as outlined by the familiar warnings in *Miranda v. Arizona*, 384 U.S. 436 (1966). In short, Patrick appears to contend that funds have been deducted from his inmate trust fund account to pay for his appointed attorney in violation of his right to counsel at no cost.

An indigent criminal defendant who faces any amount of jail time *is* guaranteed the right to counsel by the Sixth Amendment to the United States Constitution, *see Gideon v. Wainwright*, 372 U.S. 335 (1963), and Article I, § 7 of the Wisconsin Constitution. If certain criteria are met, an indigent defendant in Wisconsin may be represented by the Office of the State Public Defender. *See State v. Kennedy*, 2008 WI App 186, ¶ 10, 315 Wis. 2d 507, 517, 762 N.W.2d 412, 416 (citing *Pirk v. Dane County*, 175 Wis. 2d 503, 506, 499 N.W.2d 280 (Ct. App. 1993)). If a defendant is statutorily ineligible for a public defender, a circuit court may still appoint an attorney at county expense provided that the defendant meets his burden to show that he is otherwise unable to afford counsel. *See Kennedy*, 2008 WI App 186, ¶¶ 9-10, 315 Wis. 2d at 516-17 (citing *State v. Dean*, 163 Wis. 2d 503, 512-13, 471 N.W.2d 310 (Ct. App. 1991)).

Patrick does not contend that he was convicted and sentenced without the right to counsel in violation of *Gideon*. Rather, he claims that the State lacked authority to require reimbursement for the cost of appointed counsel.

The Supreme Court has held that a negligent, or even intentional, deprivation of property that is random and unauthorized does not rise to the level of a constitutional violation if state law provides an adequate, post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 128-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Parratt v. Taylor*, 451 U.S. 527, 538 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1981). By statute, Wisconsin expressly provides procedures to address random, unauthorized deprivations of property by state officers and officials. *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (discussing the grievance procedure under Wis. Admin. Code § DOC 303.10(4) and state law tort claims); *see also* Wis. Stat. §§ 893.35, 893.51, & 893.52 (state-law tort remedies available in Wisconsin). Therefore, a state prisoner who alleges the random and unauthorized loss of property in Wisconsin cannot articulate a claim with a basis in federal law for purposes of 42 U.S.C. § 1983.

Here, however, the deductions from Patrick's trust fund account are neither random nor unauthorized. In Wisconsin, circuit courts may require a defendant to re-pay attorney fees for appointed counsel as a condition of probation, depending on the defendant's ability to pay pursuant to Wis. Stat. § 973.06(1)(e). Indeed, these fees may be included in a restitution order. *See* Wis. Stat. § 973.20(12). Moreover, both the United States Supreme Court and the Wisconsin Supreme Court have held that a defendant may be required to pay reasonable attorney fees for a public defender as a condition of probation. *Fuller v. Oregon*, 417 U.S. 40, 53-54 (1974); *State v. Gerard*, 75 Wis. 2d 611, 626, 205 N.W.2d 374 (1973);

5

*see also State v. Campbell*, 2006 WI 99, 294 Wis. 2d 100, 718 N.W.2d 649 (holding that a defendant who represents himself may be required to reimburse the costs of stand-by counsel).

A review of the electronic docket from Patrick's conviction in Eau Claire Case No. 2009CF167 reflects that he initially received a three-year term of probation in exchange for his plea of no-contest. That sentence included a restitution surcharge and required him to pay his costs of supervision. At the time sentence was imposed, Patrick was told that a civil judgment would be entered against him in favor of restitution victims and any governmental entity with a balance due in the event that his probation was revoked. On November 9, 2010, Patrick's probation was revoked as the result of new criminal charges, resulting in a sentence of imprisonment. At the time of revocation, all outstanding costs and restitution owed by Patrick were reduced to a civil judgment against him.

To the extent that Patrick is subject to a restitution order entered against him in state court, he cannot demonstrate that funds have been deducted improperly from his inmate trust fund without the requisite due process. *See Zinermon*, 494 U.S. at 132 (noting that "in situations where the state feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking"). In that respect, Patrick does not allege that he had no notice or opportunity to be heard on the matter during his criminal proceeding, where he was represented by counsel. Thus, his allegations fail to state a claim upon which relief may be granted on this issue.

**II. Extension of Patrick's Mandatory Release Date**

Patrick contends further that his mandatory release date for parole has been extended illegally by his confinement in disciplinary segregation. Patrick provides no details about the nature of these disciplinary action(s) that resulted in his placement in segregated confinement. Nevertheless, his claim concerning the duration of his confinement is also not actionable in a civil rights complaint pursuant to 42 U.S.C. § 1983. As the Supreme Court has emphasized, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that Patrick has improperly filed this claim in a civil rights lawsuit, rather than a habeas corpus action, the Seventh Circuit directs district courts to dismiss for failure to state a claim upon which relief may be granted, rather than allow repleading. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (emphasizing that courts should dismiss rather than convert improperly filed civil rights claims). While Patrick may conceivably re-file this particular claim in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he would first have to seek relief from his extended confinement in state court. This is because a federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008).

**III. Threats of Harm and Request for Federal Custody**

Finally, as mentioned above, plaintiff grew agitated during the videoconference hearing and requested that he be placed in federal custody. Specifically, he warned that dire consequences would occur if he remained in state prison, threatening to make the State of Wisconsin "pay tremendously" upon his death at the hands of state or federal law enforcement officers, whom he believes are intent on taking his life. *See* Dkt. #40, *Stenographic Trans. Excerpt from Video Conf.*, June 27, 2013, at 3. When prompted, however, plaintiff refused to elaborate upon the real source of his distress, leaving the court with no satisfactory alternative but to address the elephant in the room: the threat that plaintiff appears to pose to himself and others.

From the exhibits provided in this case, it is evident that plaintiff has been evaluated regularly by physicians at GBCI and that he is receiving treatment for his psychological issues. Although Patrick will be denied leave to proceed with his current claims in federal court, plaintiff should *not* construe the dismissal as a lack of concern for his health and well-being while incarcerated. Plaintiff's threats of self-harm and allusions to suicide by police are not lightly taken. Out of concern for plaintiff's remarks, the court will forward a copy of this order and a copy of the hearing transcript to the Office of General Counsel and to the warden at the Green Bay Correctional Institution, where Patrick remains in custody. It is hoped that plaintiff will cooperate with prison officials at the Wisconsin Department of Corrections and his treatment providers so that no harm will result from his threatened actions, whether or not they reflect his true intentions.

8

ORDER

IT IS ORDERED that:

1. Plaintiff Millard Patrick II's complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

2. All pending motions are MOOT.

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly installments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the state prison where plaintiff is in custody, advising the warden of his obligation to deduct payments from plaintiff's inmate trust fund account until the filing fee has been paid in full.

4. The clerk's office will provide a copy of this order and a copy of the certified transcript excerpt of the June 27, 2013 hearing (dkt. # 40) to the Wisconsin Department of Corrections, Office of General Counsel, and to Warden Michael Baenen of the Green Bay Correctional Institution.

Entered this 12th day of February, 2014.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

9